1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8               EASTERN DISTRICT OF CALIFORNIA
9
10   MICHAEL ANDRE TODD,                    1:08-cv-01531-GSA-PC
11          Plaintiff,                      ORDER DISMISSING ACTION,
                                            WITH PREJUDICE, FOR FAILURE
12        v.                                TO STATE A CLAIM
                                            (Doc. 11.)
13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS AND                     ORDER FOR THIS DISMISSAL TO
14   REHABILITATION, et al.,                COUNT AS A STRIKE PURSUANT
                                            TO 28 U.S.C. §1915(g)
15
16          Defendants.                     ORDER DIRECTING CLERK TO
                                            CLOSE CASE
17   _____/

18   **I.     RELEVANT PROCEDURAL HISTORY**

19          Michael Andre Todd ("Plaintiff") is a state prisoner in the custody of the California

20   Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis

21   with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

22   this action on October 10, 2008.  (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C.

23   1915A and entered an order on September 23, 2009, dismissing the Complaint for failure to state a

24   claim, with leave to amend.  (Doc. 8.)  On November 24, 2009, Plaintiff filed the First Amended

25   Complaint, which is now before the Court for screening.  (Doc. 11.)

26          On October 29, 2008, Plaintiff consented to Magistrate Judge jurisdiction in this action, and

27   no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of

28   the Local Rules of the Eastern District of California, the undersigned shall conduct any and all

proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule
Appendix A(k)(3).

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that
the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's
allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v.
Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
omitted).  To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations
sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret
Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of
meeting this plausibility standard.  Id.

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is currently incarcerated at the California State Prison in Corcoran, California.  The
events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison
("KVSP") in Delano, California, while Plaintiff was incarcerated there.  Plaintiff names as
defendants Anthony Hedgepeth (Warden, KVSP), Correctional Officer ("C/O") J. Hart, Sergeant
("Sgt.") N. Esparza, and Lieutenant ("Lt.") A. Sotelo ("Defendants").

Plaintiff alleges as follows in the First Amended Complaint.  As the result of a broken leg, Plaintiff was issued a leg brace, orthopedic shoes and a cane, which he relied on every day to walk normally.  Because of his disability, Plaintiff was also restricted in his housing accommodations to the lower bunk and lower tier.

On October 9, 2007, Plaintiff was allegedly involved in a riot and placed in an isolation cage awaiting transportation to the administrative segregation housing unit ("Ad-Seg").  Plaintiff was forced to stand in the cage for over eleven hours, from 9:00 a.m. until 8:00 p.m., without the support of his leg brace and cane, which caused him severe pain.

C/O Hart was responsible for transporting Plaintiff from the isolation cage to Ad-Seg, around 8:00 p.m.  Plaintiff told C/O Hart that he badly needed his medical devices.  C/O Hart had ordered Plaintiff to turn over his orthopedic shoes so they could be searched, but C/O Hart refused to return the shoes and denied Plaintiff access to his cane and knee brace.  Plaintiff alleges that C/O Hart knew that Plaintiff needed the devices, because C/O Hart had tried to confiscate the orthopedic appliances before.  Plaintiff was transported without his cane, brace, or orthopedic shoes.

Due to Plaintiff's transfer to Ad-Seg, his personal property was searched, sealed and secured. C/O Hart broke the seal on Plaintiff's personal property boxes and confiscated Plaintiff's Super III radio, falsely claiming that the radio had been altered.  Plaintiff requested to see the alteration, but C/O Hart refused the request.  Plaintiff then requested that C/O Hart take a picture of the radio and alteration as evidence that the radio was allegedly contraband, but C/O Hart refused.  C/O Hart also refused to send the radio to Plaintiff's home.  Plaintiff alleges that C/O Hart was retaliating against Plaintiff when he confiscated Plaintiff's radio and medical devices.

On October 30, 2007, Plaintiff filed a 602 inmate appeal complaining about C/O Hart's conduct.  On or about December 18, 2007, Sgt. Esparza interviewed Plaintiff about his complaint and denied the appeal in order to protect his coworker.  At the interview, Plaintiff was denied his right to show that the Super III radio was not altered, and he was not allowed to present evidence that he had funds available in his trust account to send the radio home.  Plaintiff's trust account was frozen without any evidence that the balance was zero.  Sgt. Esparza failed to properly investigate Plaintiff's staff complaint, in violation of Cal. Code Regs. tit. 15 § 3391 and Penal Code § 8325.

Lt. Sotelo also failed to properly investigate Plaintiff's staff complaint.  Plaintiff alleges that Lt. Sotelo, C/O Hart, and Sgt. Esparza all knew about Plaintiff's disabilities because of Plaintiff's CDC-1845 disability placement verification form, so they knew that denying Plaintiff access to his medical devices would cause severe risk of serious harm.  Lt. Sotelo also knew that C/O Hart had denied Plaintiff's right to send his property home and falsified information, and that Sgt. Esparza conducted an unfair investigation.  Lt. Sotelo used his position as Facility Lieutenant to retaliate against Plaintiff by failing to investigate the allegations of staff misconduct.  Plaintiff alleges that Lt. Sotelo retaliated against Plaintiff because on January 29, 2002, Lt. Sotelo accused Plaintiff of assaulting him at Salinas Valley State Prison.  The officers conspired under the CDC Code of Silence to falsify staff misconduct investigations, and Plaintiff was not treated fairly as required by Cal. Code Regs. tit. 15 §§ 3004, 3190, 3191 & 3391.

Warden Hedgepeth improperly trained and supervised the officers, failing to protect Plaintiff. Warden Hedgepeth also failed to assure that Plaintiff received equal protection under Cal. Code Regs. tit. 15 §§ 3004 & 3191, which governs property registration and disposition.

As a result of Defendants' conduct, Plaintiff suffered severe pain and emotional distress. Plaintiff requests monetary damages, declaratory relief, and attorney fees.

Plaintiff also moves to dismiss defendants CDCR, KVSP, and the John Doe defendants from this action.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

### A.   Official Capacity

Plaintiff seeks to establish liability against Defendants in their official capacities.  Plaintiff may not bring a suit for damages against defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Therefore, Plaintiff fails state a claim for damages against any of the Defendants in their official capacities.

### B.   Personal Participation and Supervisory Liability

Plaintiff seeks to hold defendant Warden Hedgepeth liable in his supervisory capacity.  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler

1  II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.

2  Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Therefore, to the extent that Plaintiff seeks to

3  impose liability upon Warden Hedgepeth or any of the other Defendants in their supervisory

4  capacity, Plaintiff fails to state a claim.

5  **C.    Violation of Penal Code**

6  Plaintiff alleges that Sgt. Esparza failed to properly investigate Plaintiff's staff complaint,

7  in violation of Penal Code § 8325.  This allegation suggests that Plaintiff seeks to bring a criminal

8  action against Sgt. Esparza.  "Section 1983 . . . creates a cause of action for violations of the federal

9  Constitution and laws." Sweaney, 119 F.3d at 1391 (internal quotations omitted). A § 1983 action

10  is a civil action brought under the Civil Rights Act.  As a rule, civil actions may be started by

11  individuals, but criminal actions may only be started by the state and not by individuals.  Indeed,

12  with limited  exceptions, none of which applies to §1983 actions, federal law does not allow a

13  private citizen to bring a criminal prosecution against another citizen.  Therefore, Plaintiff is unable

14  to bring a criminal action under § 1983 against any of the Defendants for violation of the Penal

15  Code, and he fails to state a claim against Sgt. Esparza for violation of Penal Code § 8325.

16  **D.    State Law**

17  Plaintiff alleges that Defendants violated Cal. Code Regs. tit. 15 §§ 3004, 3190, 3191 & 3391

18  and failed to adhere to policies mandated by the CDCR, when they violated his property rights and

19  failed to properly investigate staff complaints.  Plaintiff also alleges that Warden Hedgepeth failed

20  to properly train his employees.  These allegations suggest state law claims.  Plaintiff is informed

21  that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law

22  is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must

23  be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).

24  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first

25  have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

26  With respect to Plaintiff's allegation at ¶40 of the First Amended Complaint that Warden

27  Hedgepeth failed to properly train his employees, Plaintiff states to the contrary at ¶¶8, 9 & 10 that

28  "Plaintiff is informed and believes and thereon alleges that" defendants Hart,  Esparza, and Sotelo

6

1  are "properly trained."  First Amd Cmp ¶¶8, 9, 10 & 40.  Moreover, Plaintiff alleges no facts

2  demonstrating that any action or inaction by the Warden resulted in improper training.  Therefore,

3  Plaintiff fails to state a claim for improper training.  With respect to Plaintiff's other state claims,

4  the Court need not evaluate them, since the Court finds that Plaintiff is unable to state a cognizable

5  claim under section 1983.

6  **E.     Conspiracy**

7  Plaintiff alleges that defendants conspired to falsify staff conduct investigations and to violate

8  Plaintiff's rights.  In the context of conspiracy claims brought pursuant to section 1983, a complaint

9  must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey

10  v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police

11  Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

12  acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v.

13  State of California, 497 F.2d 197, 200 (9th Cir. 1974).

14  A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting

15  of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

16  (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

17  1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d

18  1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121,

19  1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact

20  details of the plan, but each participant must at least share the common objective of the conspiracy.'"

21  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

22  Plaintiff has not alleged any facts supporting the allegation that Defendants entered into an

23  agreement or had a meeting of the minds to violate Plaintiff's constitutional rights.  Therefore,

24  Plaintiff fails to state a claim for conspiracy.

25  **F.     Eighth Amendment Claims**

26  Plaintiff alleges that Defendants exhibited deliberate indifference when they forced him to

27  stand in an isolation cage for over eleven hours without his medically-required cane or knee brace,

28  causing severe pain and preventing him from walking normally; when C/O Hart refused to return

7

Plaintiff's orthopedic shoes, cane, and knee brace when transporting him to Ad-Seg; and because

Lt. Sotelo, C/O Hart, and Sgt. Esparza all knew about Plaintiff's disabilities from Plaintiff's CDC-

1845 disability placement verification form, and therefore knew that denying Plaintiff access to his

medical devices would cause severe risk of serious harm.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from

inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

(1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth

Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511

U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation

of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named

defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511

U.S. at 837, 114 S.Ct. at 1979. Deliberate indifference may be manifested "when prison officials

deny, delay or intentionally interfere with medical treatment." McGuckin, 974 F.2d at 1059.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

Plaintiff's allegations against Defendants do not rise to the level of an Eighth Amendment violation.  Plaintiff's allegations that C/O Hart withheld his medical devices during his transportation to Ad-Seg are not sufficient to demonstrate that C/O Hart was substantially and deliberately indifferent to an excessive risk to Plaintiff's health, with harm caused by the indifference.  Plaintiff has not named which defendant(s) forced him to stand for eleven hours in the isolation cage, nor has he alleged facts showing deliberate indifference.  And Plaintiff's allegations that defendants Lt. Sotelo and Sgt. Esparza knew about his disability, without more, are not sufficient to state a claim. Therefore, Plaintiff fails to state a cognizable claim against any of the defendants for adverse conditions of confinement or inadequate medical treatment in violation of the Eighth Amendment.

## G.    Due Process

Plaintiff alleges that his rights to due process were violated when C/O Hart confiscated Plaintiff's Super III radio as contraband, falsely claiming that the radio had been altered; when Sgt. Esparza improperly denied Plaintiff's 602 complaint; and when Lt. Sotelo failed to properly investigate Plaintiff's staff complaint.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).

### Personal Property

Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of

9

property by a state employee does not constitute a violation of the procedural requirements of the

Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations.

See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

California's Tort Claims Act requires that a tort claim against a public entity or its employees be

presented to the California Victim Compensation and Government Claims Board, formerly known

as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't

Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and

action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings

County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold

v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against

a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior

Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-

Panahi, 839 F.2d at 627.

Plaintiff alleges that C/O Hart improperly confiscated Plaintiff's radio as contraband, falsely

claiming that the radio had been altered, which indicates that the deprivation of property was

intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law.

Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property

claim is not cognizable under federal or state law.

### ***Inmate Appeals Process***

Plaintiff alleges that Sgt. Esparza improperly denied Plaintiff's 602 complaint, and Lt. Sotelo

failed to properly investigate Plaintiff's staff complaint. Defendants' actions in responding to

Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation

of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any

substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing

Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850,

860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

1  grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance
2  procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.
3  1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural
4  protections envisioned by the Fourteenth Amendment."  <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v.</u>
5  <u>Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative
6  appeal cannot serve as the basis for liability under a section 1983 action.  <u>Buckley</u>, 997 F.2d at 495.
7  Thus, since he has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails
8  to state a cognizable claim for the investigating and/or reviewing of his inmate appeals.

9       **H.**    **Equal Protection**

10       The Equal Protection Clause requires that persons who are similarly situated be treated alike.
11  <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); <u>Shakur</u>
12  <u>v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by
13  showing that Defendants intentionally discriminated against Plaintiff based on his membership in
14  a protected class, <u>Comm. Concerning Cmty. Improvement v. City of Modesto</u>, 583 F.3d 690, 702-03
15  (9th Cir. 2009); <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003), <u>Lee v. City of Los Angeles</u>,
16  250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated
17  differently without a rational relationship to a legitimate state purpose, <u>Engquist v. Oregon</u>
18  <u>Department of Agriculture</u>, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); <u>Village of Willowbrook</u>
19  <u>v. Olech</u>, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580,
20  592 (9th Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

21       Plaintiff alleges that Defendants violated his rights to equal protection because they
22  intentionally treated him differently than other general population inmates when they deprived him
23  of his personal property, denied him a fair and impartial staff misconduct investigation, deprived him
24  of his medically-approved medical appliances, and failed to treated him respectfully, fairly and
25  impartially.  Plaintiff has not alleged facts demonstrating that he was intentionally discriminated
26  against on the basis of his membership in a protected class, or that he was intentionally treated
27  differently than other similarly situated inmates without a rational relationship to a legitimate state
28  purpose.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

1  statements, do not suffice." Iqbal, 129 S.Ct. at 1949.  Therefore, Plaintiff fails to state a claim for

2  relief for violation of his right to equal protection.

3        **I.    Retaliation**

4        Plaintiff alleges he was retaliated against by defendants. "Within the prison context, a viable

5  claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor

6  took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

7  that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

8  did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-

9  68 (9th Cir. 2005).

10       Plaintiff fails to allege facts against any of the defendants took an adverse action against him

11  because of protected conduct.  Therefore, Plaintiff fails to state a cognizable claim for retaliation.

12  **V.   CONCLUSION**

13       The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon

14  which relief can be granted under section 1983 against any of the defendants.  In this action, the

15  Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the

16  Court.   Plaintiff has now filed two complaints without alleging facts against any of the defendants

17  which state a claim under § 1983.  Based on the facts set forth in the First Amended Complaint, the

18  Court finds that further leave to amend is not warranted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v.

19  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

20  1987).  The Court does not reach Plaintiff's state law claims because absent the existence of a viable

21  federal claim, the Court lacks jurisdiction over the state claims.  28 U.S.C. § 1367(a); Herman

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

12

1  <u>Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).  Accordingly, this action

2  shall be dismissed in its entirety, with prejudice, for failure to state a claim.

3       Based on the foregoing, it is HEREBY ORDERED that:

4      1.     This action is DISMISSED in its entirety, with prejudice, for failure to state a claim

5            upon which relief can be granted under section 1983;

6      2.     This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

7      3.     The Clerk is directed to close this case.

8

9   IT IS SO ORDERED.

10  **Dated:**   **March 29, 2011**                 **/s/ Gary S. Austin**

                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28